J. Casablanca, Ltd., et al., Plaintiffs and Appellants, *v.* Palatine Insurance Co., Ltd., Defendant and Appellee.

Appeals from the District Court of Mayagüez in Actions of Debt.

Nos. 2827 and 2826.—Decided January 24, 1924.

Insurance—Fire Insurance—Extent of Liability.—Neither the valuation of the property nor the fixing of a maximum limit of liability in a fire insurance policy can be taken as the specified amount that the company must

pay, even in case of a total loss; and generally the liability of the company depends upon the amount of the loss and is determined after the loss has occurred, on information and proof furnished by the insured.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellants.

*Mr. M. Gaetán Barbosa* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In each of these cases plaintiff appeals from a judgment of dismissal and insists that the court below erred in weighing the evidence.

In both cases the defendant company set up a failure to comply with article 10 of the policy which reads follows:

"Article 10.—On the happening of any loss or damage to the property hereby insured the Insured shall forthwith give written notice thereof to the Company, and shall within 15 days after the loss or damage, or such further time as the company may in writing allow in that behalf, deliver to the Company

"(a) A claim in writing for the loss and damage containing as particular an account as may be reasonably practicable of all the several articles or items of property damaged or destroyed, with the amount of the loss, having regard to their value at the time of the loss or damage, not including profit of any kind.

(b) Particulars of all other Insurances on the said articles, if any.

"The Insured shall also at all times at his own expense produce, procure and give to the Company all such further particulars, plans, specifications, books, vouchers, invoices, duplicates or copies thereof, documents, proofs and information with respect to the claim and the origin and cause of the fire and the circumstances under which the loss or damage occurred, and any matter touching the liability or the amount of the liability of the Company as may be reasonably required by or on behalf of the Company together with a declaration on oath or in other legal form of the truth of the claim and of any matters connected therewith.

"No claim under this Policy shall be payable unless the terms of this condition have been complied with by the Insured."

In both cases the books were destroyed by fire.

In No. 2826 the adjuster wrote plaintiff as follows:

"Dear Madam: Referring to the conversation had last week between the writer and your husband in connection with a certain claim entered by you against the Palatine Company for a fire, under policy No. 3,123,574, I here repeat that owing to the fact that according to your information all the books and other evidence that might show the value of the property insured on the day of the fire have been destroyed by fire, it will be necessary for you to furnish me as soon as possible with the following:

"1. Certified extracts of your accounts with all the firms from whom you purchased goods for your stock during the last year prior to the fire.

"2. A full statement of all the equipment and furniture which you had in the premises destroyed.

"3. Certificates of your municipal patent, income tax receipts, property tax receipts and internal revenue receipts.

"4. A statement under oath with regard to the average volume of daily business and the average profit thereunder.

"Upon receipt of these documents I will attempt to reconstruct in so far as possible the data which otherwise would have been ascertained from your books, with regard to the value of the property destroyed, and in the meantime, I am, etc."

To this communication plaintiff made no reply but filed suit.

In No. 2827 a similar letter reads thus:

"Dear Sirs:—Referring to the conversations I had with you last week, during my visit to that city, in connection with the loss by fire which you claim from The Palatine Insurance Company under policy No. 3,123,573, I here repeat what I have already told you with regard to the documents which are necessary before the claim can be considered, and which are as follows:

"1. Certified copies under oath of the invoices sent to you by the sellers of the Champion machine, the gasoline motor, the two Singer machines, the chopping machine, the Oliver typewriter, the show-case, the counter, the cases, the measuring instrument, the chairs and other equipment of your establishment.

"2. Certified and sworn extracts of your accounts with all the firms from whom you purchased shoes, leather, lasts, rubber heels and other articles existing in your establishment on the day of the fire.

"3. The approximate amount of the average daily business.

"4. Certificates of your municipal patent and tax receipts, income tax receipts and property tax receipts.

"As I have already told you, owing to the absolute non-existence of books and other evidence that might show the value of your stock and equipment at the time of the fire, it is absolutely indispensable to reconstruct these data in the manner indicated, for on the contrary the law would not permit an insurance company to consider any claim.

"It is in your own interest to furnish these data as soon as possible, and upon receipt of them I will immediately revise them and communicate with you as to the result of such examination."

To the foregoing plaintiff made the following response:

"Gentlemen: According to your letter all the invoices and the statement of account must be sworn to before a notary, and as this seems to us very expensive and difficult I take the liberty to ask you to be so kind as to explain the meaning of the phrase you used of "certified and sworn."

"Excuse us for the trouble and please explain. Without more, we remain, yours very truly, J. Casablanca, S. en C."

To this the adjuster replied insisting upon his former demand, but pointing out that a single certificate from each concern, covering a list of sales with invoice attached, would suffice.

A few days later plaintiff filed his complaint.

From the policy in case No. 2826 we take the following extracts:

"Whereas Mrs. María Teresa Rivera Rivera, of San Germán, Porto Rico, having paid the sum of Thirty Two and 05/00 Dollars to The Palatine Insurance Company, Limited, of London, for Insuring from Loss or Damage by Fire, or by Lightning, the Property hereinafter described, not exceeding the Sum specified on each article, viz:—$4,000.00 for one year on the stock of the Rivera Drug Store, consisting of drugs, patent medicines, perfumery, chemical products and paints, and including cases, counters, show-cases, a desk and other articles of the said drug store, which is established at a house, etc. (describing it) Now be it known, That from the 14 day of December, 1920, to the 14th day of December, 1921, at 4 p. m., and

so long afterwards as the said Insured shall duly pay or cause to be paid annually the said Premium to the said Company, and the Company 'shall agree to accept the same, the said Company shall be subject and liable to pay to the said Insured, his, or her, or their executors and administrators, all the damage and loss which the said Insured shall suffer by fire or by lightning on the property hereinbefore mentioned, not exceeding on each item respectively the sum hereinbefore declared to be insured thereon, and not exceeding in the whole the sum of FOUR THOUSAND DOLLARS, but subject always to the conditions and stipulations endorsed hereon in print or handwriting, and which constitute the basis of this Insurance.''

The policy in No. 2827 is in like form for a sum total indicated, subdivided, and covering property specified, as follows:

''$3,000.00 for the term of one year on the stock of its commercial establishment installed in a masonry building belonging to Cornelio Irizarry Cancel and situated at No. 14 Ruiz Belvis Street, in front of the Principal Square, in the town of San Germán, P. R.

''$1,200.00 on the machinery for the manufacture of 'shoes, moved by a motor of 2½ horse power, installed in the same premises.   Extra premium ⅛%.

''$1,800.00 on the stock of American and Portorican shoes, leather of every class, cases, show-cases and counters.   Premium ⅝%.''

In each case the theory of plaintiff in the complaint, throughout the trial and on appeal, was and is that article 10, *supra,* does not apply in the event of a total loss.

But an undertaking to pay all losses occasioned by fire, not to exceed the amount for which each article is insured, is not a promise to pay a fixed sum in case of a total loss. The phraseology employed is not the language of liquidated damages. The obligation assumed by the defendant company seems to have been set forth in the usual form of an ordinary open policy. At least there is no intimation of any intention to issue a valued policy, and, therefore, no basis for the distinction between a partial and a total loss.

''Fire policies are generally written so that the liability of the company is dependent upon the amount of the loss, to be determined

after the loss has occurred; and the valuation of the property in the application or policy does not fix the liability of the company, even in case of total loss." 26 C. J., p. 98, sec. 97.

Here the policies do not even estimate the value of the insured property; they merely fix a maximum limit beyond which the insurer assumes no liability.

Under the terms of article 10, the insurance company was equitably entitled to some preliminary proof of the value of the property destroyed at the time of the loss. If for any reason a full compliance with the request as made by the adjuster was not practicable, it would have been a very simple matter for plaintiffs to obtain a statement from the persons or firms from whom purchases had been made, showing the circumstances by reason of which the desired information could not be furnished. Any reasonable effort to procure the data in question, followed, if unsuccessful, by a full disclosure of where, when and from whom the stocks of merchandise, machinery, furniture and fixtures were obtained, together with a statement of the prices paid therefor, would have been enough. Possibly something less than this would have satisfied the rule as to a substantial compliance with the stipulated requirements as to proof of loss. But, be this as it may, some preliminary showing in this regard was a condition precedent to recovery in an action upon either of the policies in question.

The suits, at the time of filing the complaints, were premature and the judgments appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.